UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PRESIDENT CASINOS, INC., | ) | Case No. 02-53005-659 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| PRESIDENT CASINOS, INC., ET. AL. | ) | **Adversary No. 06-4036-659** |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| COLUMBIA SUSSEX CORPORATION, and | ) | |
| WIMAR TAHOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Upon consideration of the record as a whole, and consistent with the Findings of Fact and Conclusions of Law entered separately in this matter,

**IT IS ORDERED THAT** Debtors' Motion for Summary Judgment is GRANTED as to Count II of Debtors' Complaint in that Columbia Sussex committed a prima facie tort by substantially increasing the validation rates on the Cherrick Lot that was critical to Debtors' business and increasing the rates to pressure Debtors into not pursuing a suit against Defendants and Debtors suffered damages in the amount of higher validation rates paid and for providing valet, shuttle service and substitute parking arrangements to its patrons until they obtained the TRO and preliminary injunction; and

The judgment on Count II is entered in favor of Debtors and against Defendants in the amount of: $382,884.00, which is the difference between the higher validation rate paid from December 16 to 30, 2005 and the amount paid for providing valet, shuttle service and substitute parking arrangements from December 31, 2005 to February 10, 2006; and

**IT IS FURTHER ORDERED THAT** Debtors' Motion for Summary Judgment is GRANTED as to Counterclaim II in that Debtors did not breach the confidentiality agreement in that there was no agreement; and

The judgment on Counterclaim II is entered in favor of Debtors and against Defendants; and

**IT IS FURTHER ORDERED THAT** Debtors' Motion for Summary Judgment is GRANTED as to Counterclaims III, IV and V in that there was no unjust enrichment to Debtors in paying the lower validation rate and therefore no restitution is owed; and

The judgment on Counterclaims III, IV and V are entered in favor of Debtors and against Defendants; and

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Summary Judgment is GRANTED as to Count I of Debtors' Complaint in that Defendants did not breach the Purchase Agreement in that Debtors cannot show that but for Columbia Sussex's withdrawal of the gaming application, MGC would have issued a license; and

The judgment on Count I is entered in favor of Defendants and against Debtors; and

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Summary Judgment is GRANTED as to Counterclaim I in that Debtors have breached the Purchase Agreement because Debtors have failed to return Columbia Sussex's deposit despite request for return; and

The judgment on Counterclaim I is entered in favor of Defendants and against Debtors for return of Defendants' deposit; and

This is the final judgment and Order of the Bankruptcy Court in this case.

                                           */s/ Kathy A. Surratt-States*
                                            KATHY A. SURRATT-STATES
                                            United States Bankruptcy Judge

DATED:  December 27, 2007
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

President Casinos, Inc.
1000 North Leonor K Sullivan Blvd.
Saint Louis, MO 63102

Brian Wade Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Mark V. Bossi
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

Brian C. Walsh
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102

Gerard T. Carmody
Carmody MacDonald P.C.
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105-1705

Columbia Sussex Corporation
207 Grandview Drive
Ft. Mitchell, KY 41017-2799

Wimar Tahoe Corporation
207 Grandview Drive
Ft Mitchell, KY 41017